STATE EMPLOYEE — TERMINATION OF MASTER — SERVANT RELATIONSHIP Opinion No. 70-242 governs the determination of the date of termination of the master-servant relationship of an employee wherein it states: "the master-servant relationship ends when a classified employee separates from the State agency." The termination of the master-servant relationship does not abolish accrued benefits to which an employee is entitled. Therefore, all vacation leave time of an employee is subject to the provisions of the Oklahoma Public Employees Retirement System (74 O.S. 901 [74-901] through 74 O.S. 928 [74-928] (1970) and the State Employees Group Health and Life Insurance Plan (74 O.S. 1301 [74-1301] through 74 O.S. 1316 [74-1316] (1970)). The Attorney General has considered your letter in which you make the following statement and request: "Although it appears there is no direct conflict between these two Opinions Opinion No. 67-346 and Opinion No. 70-242 insofar as retirement contributions and insurance premiums being deducted when an employee is separated from employment but is still in `pay status' (whether the pay is for salary, wages, or for unused accrued leave), or retirement benefits not being payable to a retiring member in `accrued leave pay status,' a clarification of Opinion No. 70-242 is respectfully requested as it may relate to Opinion No. 67-346." Opinion No. 67-346 to which you refer, held as follows: "Vacation leave taken at the end of an employee's employment does not advance the termination date of his employment since the last day actually worked on the job is not the last day of the employment status. The date of employment termination for retirement purposes would be the last day of vacation leave even though compensation for such may have been paid in advance thereof. We express no opinion regarding the practice of advanced payment of accrued vacation leave described herein." Opinion No. 70-242 to which you refer, held as follows: "(t)he master-servant relationship ends when a classified employee separates from the State Agency. Payment for unused vacation leave to his credit at the time of separation should be paid at the rate officially prescribed for his job classification on the last day he is entitled to be compensated in salary . . . Opinion No. 67-346 is overruled to the extent that it is in conflict with this opinion." Your question, therefore, involves specifically what portion of Opinion No. 67-346 does Opinion No. 70-242 overrule? The conflict which exists between the two Opinions is the time an employee terminates his employment when such employee is paid for his unused annual leave. In the body of Opinion No. 67-346, the following statement is made: "Thus, an employee is still within the employment status during his vacation even though the vacation is attached at the end of his active service. The fact that an employee does not intend to return to his employment at the end of his vacation leave would not alter the fact that he is still in the employment status while on vacation or leave." While in Opinion No. 70-242, on the same subject, the following statement is made in the body of the opinion: "Since the definition of `vacation leave' supra, implies that a vacationing employee will return to his duties and perform the same more effectively, we feel that the status of such an employee is different from one who expresses an intention to separate from the State while having unused vacation leave to his credit. Such an employee severs his employment relationship with the State at the end of the day of separation although the employee is thereafter entitled to be credited for any unused vacation leave earned up to and through the date of separation." Since the two provisions are apparently in conflict as to the time the master-servant relationship of an employee ends, Opinion No. 70-242 overrules Opinion No. 67-346 on that question. However, the termination of the master-servant relationship does not abolish accrued benefits to which an employee is entitled, such as participation in the Oklahoma Public Employees Retirement System and the State Employees Group Health and Life Insurance Plan. It is, therefore, the opinion of the Attorney General that Opinion No. 70-242 governs the determination of the date of termination of the master-servant relationship of an employee wherein it states: "the master servant relationship ends when a classified employee separates from the state agency." It is further the opinion of the Attorney General that the termination of the master-servant relationship does not abolish accrued benefits to which an employee is entitled. Therefore all vacation leave time of an employee is subject to the provisions of the Oklahoma Public Employees Retirement System (74 O.S. 901 [74-901] through 74 O.S. 928 [74-928] (1970)) and the State Employees Group Health and Life Insurance Plan (74 O.S. 1301 [74-1301] through 74 O.S. 1316 [74-1316] (1970)). (Marvin C. Emerson) ** SEE: OPINION NO. 75-228 (1975) ** ** SEE: OPINION NO. 76-134 (1976) **